**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1650
_____

In re:  ROBYN JILL FARRINGTON, aka Robyn Jill Fleisher,

Debtor


ROBYN JILL FARRINGTON,

Appellant

v.

U.S. BANK TRUST N.A., as trustee for LSF9 Master Participation Trust;
LSF9 MASTER PARTICIPATION TRUST;
CALIBER HOME LOANS, INC.; JP MORGAN CHASE BANK, N.A.

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 18-cv-08573)
District Judge:  Honorable Jose L. Linares

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 3, 2020

Before: JORDAN, BIBAS and PHIPPS, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  January 14, 2020)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Robyn Jill Farrington appeals the District Court's order affirming the Bankruptcy Court's order granting Appellees' motion to dismiss her adversary complaint. For the reasons below, we will affirm the District Court's order. The procedural history of this case and the details of Farrington's claims are well known to the parties, set forth in the District Court's opinion, and need not be discussed at length. Briefly, in May 2017, the Superior Court of New Jersey entered a foreclosure judgment against Farrington. It ordered that the mortgaged property be sold and Appellee U.S. Bank paid from the proceeds, while Farrington was foreclosed from all equity in the property.

In August 2017, Farrington filed a counseled Chapter 13 petition in the Bankruptcy Court. In an adversary complaint, she sought invalidation of U.S. Bank's liens against the property and a declaration that the property was part of the bankruptcy estate. She repeated an argument rejected by the Superior Court: that the mortgage had been sold before it was assigned to U.S. Bank and U.S. Bank lacked standing to collect. Appellees filed a motion to dismiss which the Bankruptcy Court granted. The Bankruptcy Court dismissed the complaint pursuant to the Rooker-Feldman doctrine.[1] It also concluded that res judicata and Farrington's lack of standing to challenge the assignment of the mortgage provided bases for the dismissal. It also determined that

_____

[1] The Rooker-Feldman doctrine deprives a federal court of jurisdiction to review, directly or indirectly, a state court adjudication. See D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fid. Tr. Co., 263 U.S. 413 (1923).

Farrington could not object to Appellees' proof of claim. Farrington, still represented by counsel, appealed the Bankruptcy Court's order to the District Court.

The District Court agreed that Farrington's adversary complaint was barred by the Rooker-Feldman doctrine. In the alternative, the District Court concluded that her claims were barred by res judicata. Farrington filed a pro se notice of appeal, and we have jurisdiction under 28 U.S.C. § 158(d)(1).

We need not address whether Farrington's claims are barred by the Rooker-Feldman doctrine, because we agree with the District Court that her claims are barred by res judicata. See Hoffman v. Nordic Nats., Inc., 837 F.3d 272, 277 (3d Cir. 2016) (court may bypass jurisdictional issue to dismiss on non-merits ground of res judicata).

Res Judicata

This doctrine bars claims that have been or could have been litigated in a prior case between the same parties and are based on the same set of facts. See Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 276-77 (3d Cir. 2014). Farrington first challenges this conclusion by arguing that res judicata does not apply to the dischargeability of debts. However, in dismissing the adversary complaint, the Bankruptcy Court did not determine the dischargeability of the debt.

Farrington then challenges the application of res judicata to her adversary complaint. Under both New Jersey and federal law, three criteria are needed for res judicata to apply to an action: (1) a prior action with a final judgment on the merits; (2) the same parties involved in each action; and (3) the same cause of action. In re

3

Mullarkey, 536 F.3d 215, 225 (3d Cir. 2008). Clearly, the same parties were involved in each action.

Farrington argues that the state court's judgment was not on the merits and was not fairly litigated. She suggests that the foreclosure judgment was entered by state court clerk's office staff without any judge reviewing the evidence. She admits to contesting the state court judgment but asserts that the state court refused to entertain her arguments. However, the record does not support this contention.

Appellee U.S. Bank filed the foreclosure complaint in state court in January 2016. After Farrington failed to respond, Appellee moved for a default judgment and then for an entry of final judgment. In September 2016, Farrington filed a pro se motion in the state court foreclosure proceedings opposing Appellee's motion for final judgment and seeking to have the default judgment vacated. She argued that she was never served a complete copy of the complaint, was misled when she took out the original mortgage, and was not served with a notice of intent to foreclose. She further contended that the foreclosure was filed beyond the statute of limitations, the original note was lost, and that there was an issue of who owned the loan.

Appellee filed a response. In April 2017, the state court held oral argument, which it adjourned until May 2017 to allow Farrington to submit additional proof. Farrington then filed a certification in opposition to the motion for final judgment, challenging Appellee's ownership of the mortgage. Appellee responded to her arguments.

4

After another hearing on May 12, 2017, the Superior Court issued an order denying Farrington's objections, adjusting the amount due, and returning the matter to the Foreclosure Unit for entry of final judgment. The court stated that the matter was before it on an opposed motion for final judgment, that it had reviewed the parties' papers, and was entering the order for the reasons stated on the record.[2] Farrington then filed a motion for reconsideration and supplement which U.S. Bank opposed. After a hearing in June 2017, the Superior Court denied the motion "having considered the submissions of the parties and arguments."

Farrington has not shown that the state court judgment was not on the merits or that she did not have a fair opportunity to litigate those merits. She does not point to any statement by the state court that it refused to consider her arguments. In a certification in support of her motion for reconsideration, Farrington admitted that the state court asked her questions at the hearing about the arguments she was raising. Suppl. App. at 369. As noted above, the state court adjourned oral argument to give her time to submit additional documentation. There would have been no reason for the court to do so if it were simply refusing to consider her arguments. The state court's rejection of her arguments does not mean that the arguments were not fairly considered or that the judgment was not on the merits.

---

[2] The record does not contain a transcript of the state court hearings so we do not know what reasons were stated on the record by the Superior Court.

Without much explanation, Farrington contends that the adversary complaint involves a different cause of action than the state court proceeding. However, the state court action determined that U.S. Bank had ownership of the mortgage and the right to foreclose and collect. In her adversary complaint, Farrington sought a determination that Appellees did not own the mortgage and lacked standing to enforce the debt.

We agree with the District Court that Farrington's action was barred by res judicata.

Proof of claim

Farrington argues that the Bankruptcy Court abused its discretion in dismissing her objections to Appellee LSF9 Trust's proof of claim. While she contends that there are "critical deficiencies" in the proof of claim, she does not describe these deficiencies or her objections to the proof of claim in her brief.

Conclusion

The District Court did not err in affirming the Bankruptcy Court's judgment. Accordingly, for the above reasons as well as those set forth by the District Court, we will affirm the District Court's order.

6